UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GARRIEN TILLMAN,

        Plaintiff,

v.                                      24-CV-239 (JLS) (HKS)

IAN SITEK, Niagara Falls Police
Officer (17215), WAYNE GENERAL,
Detective (17149) Niagara Falls Police,
CHRISTOPHER MAZUR, Municipal
City of Niagara Falls, New York,
LIEUTENANT GRZEWKOWSKI,[1]
Niagara Falls Police Department,

        Defendants.
_____

### DECISION AND ORDER

      Plaintiff Garrien Tillman seeks relief, pursuant to 42 U.S.C. § 1983, against Defendants Sitek, General, Mazur, and Grzewkowski for alleged constitutional violations stemming from a September 22, 2022 encounter with Niagara Falls Police. *See* Dkt. 1 (original complaint); *see also* Dkt. 7-1 (proposed amended complaint).

      Defendants moved to dismiss the complaint for failure to state a claim. Dkt. 4. In response, Plaintiff moved to amend his complaint, attaching a proposed amended complaint. Dkt. 7; Dkt. 7-1. Defendants opposed the motion to amend

---

[1] The Court will ask the Clerk of Court to update the caption of this case to correct the spelling of Defendant Lieutenant Grzewkowski's name.

and further supported their motion to dismiss. Dkt. 8; Dkt. 9. Plaintiff then opposed Defendants' motion to dismiss. Dkt. 11.

United States Magistrate Judge H. Kenneth Schroeder, Jr.,[2] issued a report and recommendation ("R&R"), recommending that this Court: (1) deny Defendants' motion to dismiss, in its entirety; (2) deny Plaintiff's motion to amend, as to proposed Defendants Robert Restaino, Bill Fordy,[3] and Nicholas Ligammari; and (3) grant Plaintiff's motion to amend in all other respects. Dkt. 12.

Defendants objected to the R&R. Dkt. 13. They argue that the R&R should have recommended: (1) granting their motion to dismiss as unopposed because Plaintiff's motion to amend was untimely; (2) dismissing all claims against Defendant Mazur; (3) dismissing claims against Defendant General, to the extent that such claims are based on an alleged prior occurrence in which General pulled a gun on Plaintiff; (3) dismissing claims against Defendant Lieutenant Grzewkowski; and (4) denying Plaintiff's motion to amend, as to Fordy. Dkt. 13. Plaintiff responded. Dkt. 16.[4]

---

[2] The Court referred the case to Judge Schroeder for all proceedings, pursuant to 18 U.S.C. §§ 636(b)(1)(A), (B) and (C). Dkt. 5.

[3] Plaintiff now agrees that Fordy should not be added as a Defendant. See Dkt. 16, at 5; Dkt. 20, at 5.

[4] Plaintiff appears to have responded to Defendants' objections without having received the R&R or this Court's scheduling order for objections. In particular, the Court received Plaintiff's response *before* it issued the scheduling order, and both the R&R and the scheduling order were returned as undeliverable. Dkt. 16 (Plaintiff's response, dated October 17, 2024); Dkt. 17 (briefing schedule, entered October 18, 2024); Dkt. 17 (notice that R&R was returned as undeliverable); Dkt. 18 (notice that briefing schedule was returned as undeliverable). Plaintiff filed a

Plaintiff then filed objections to the R&R.[5] Dkt. 20. His objections appear primarily to respond to Defendant's objections, *see id.* at 1–5, 7, but he raises one objection of his own: that the R&R erred by recommending denying his motion to amend the complaint to add Ligammari as a Defendant, *see id.* at 5–6. Defendants did not respond to Plaintiff's objection, and Plaintiff did not reply.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

Based on this Court's *de novo* review of Judge Schroeder's R&R and the relevant record, the Court accepts Judge Schroeder's recommendations to (1) deny Defendants' motion to dismiss, in its entirety; (2) deny Plaintiff's motion to amend, as to proposed Defendants Restaino, Fordy, and Ligammari; and (3) grant Plaintiff's motion to amend in all other respects.

---

notice of change of address on November 6, 2024 (Dkt. 19), and the Court re-sent him the R&R and the briefing schedule.

[5] Based on the timeline described above, *see supra* note 4, and Plaintiff's *pro se* status, the Court considers Plaintiff's objection timely and addresses it on the merits.

## CONCLUSION

For the reasons stated above and in the R&R, the Court DENIES Defendants' motion to dismiss (Dkt. 4) and GRANTS, IN PART, and DENIES, IN PART, Plaintiff's motion to amend (Dkt. 7), as specified above. The Court refers this case back to Judge Schroeder for further proceedings, consistent with the referral order at Dkt. 5. And the Court directs the Clerk of Court to amend the caption to reflect the correct spelling of Defendant Grzewkowski, as it appears in the caption of this decision and order.

SO ORDERED.

Dated:   April 11, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE